### Ex Parte GEORGE A. PEARCE.
#### *No. 226. Decided June 23.*

**Extradition — Interstate — Practice on Habeas Corpus as to Inquiry into Validity of Indictment.**—Where applicant, who was arrested by executive warrant upon an interstate requisition for extradition, applied for and obtained a writ of habeas corpus, upon the ground that the so-called indictment pending against him in the demanding State was wholly defective and insufficient as a charge for any crime, *held,* if it reasonably appears upon the trial under the writ that relator is charged by indictment in the demanding State, the validity of the copy of the indictment exhibited against him will not be inquired into, either by the trial court or by this court on appeal.

APPEAL from the District Court of Taylor. Tried below before Hon. T. H. CONNER.

The facts are stated in the opinion.

*Lockett & Joiner, Kirby, McKinzie & Kirby,* and *Leggett & Hardwicke,* for appellant.— 1. The indictment upon which extradition is based should show upon its face that the alleged fugitive is charged with the commission of a crime committed in the demanding State. Const. U. S., art. 4, sec. 2; U. S. Rev. Stats., sec. 5278; Roberts v. Reilly, 116 U. S., 80; 7 Am. and Eng. Encycl. of Law, 638–641, 656.

2. Crimes are local, and can only be punished in the country where committed; and unless the indictment, by the necessary allegations, shows the venue of the alleged crime to be in the demanding State, extradition will be denied. Extradition will not be permitted for a crime committed beyond the territorial limits of the State demanding, although the law of such State may declare such a person punishable. The only legal evidence of such venue is the indictment charging the act to have been committed in the demanding State. Indictment does not charge the com-

mission of any act in Alabama.   7 Am. and Eng. Encycl. of Law, 645–648, and notes thereunder.

3. In extradition proceedings, the accused is entitled to be informed of the nature and cause of the accusation against him.   He should be informed:

(1) That he has been indicted.

(2) Such indictment should inform him of the acts alleged against him of which complaint is made.

(3) He should be informed that on or about some time he is accused of the commission of some crime.

(4) He should be informed as to the place where the alleged offense was committed.

(5) The acts constituting such offense should be set forth in plain and intelligent language and should substantially charge the elements of a crime.   The extradition of a citizen without informing him of the commission of the alleged offense, or informing him as to where the offense was committed, is a proceeding wherein the accused is not informed of the nature and cause of the accusation, and is depriving the accused of his liberty without due process of law.   Const. U. S., 5th, 6th, 14th amendments.

4. Said indictment is insufficient to justify the detention of relator, because same does not show that the offense attempted to be charged can now be prosecuted.   All the presumptions are in favor of the accused, and in this case the presumption is that the law of limitation in Alabama is the same as the law of Texas.   If the laws of Alabama are different, they should have been pleaded in the return and established by evidence. This is submitted as a proposition.   10 Am. and Eng. Encycl. of Law, 585, 586; Whart. Crim. Law, secs. 263, 275, 545, 518.

5. As to whether a person is substantially charged by indictment, etc., is a question of law, and always open upon the face of the papers to judicial inquiry on habeas corpus.   Roberts v. Reilley, 116 U. S., 80; 7 Am. and Eng. Encycl. of Law, 639, 655, 656; Lawrence v. Brady, 56 N. Y. Ct. App., 182; Spear on Extradition, 271, 272.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE. — Relator was arrested on an executive warrant issued the 22d day of April, 1893, by the Governor of this State, upon the requisition of the Governor of Alabama, charging relator with embezzlement and theft.   Upon the 28th day of April he presented his application to the Hon. T. H. Conner, judge of the Forty-second Judicial District, for a writ of habeas corpus, praying, for reason therein stated, to be discharged from custody.   Upon hearing, the court refused the prayer of the relator, remanding him to the custody of the agent of Ala-

bama, who had him in custody at the institution of these proceedings. Pending this appeal, relator was placed in the custody of the sheriff of Taylor County.

Relator attached as exhibit A to his petition a copy of the executive warrant, which recites, that George A. Pearce stands charged by indictment with the crime of embezzlement and grand larceny committed in Alabama, and the defendant had taken refuge in the State of Texas, and that the Governor of Alabama, in pursuance of the Constitution and laws of the United States, had demanded that he, the Governor of Texas, cause said fugitive to be arrested and delivered to P. D. Dorlan, who was duly authorized to receive him, etc. Petitioner further attached, as exhibits B and C, copies of the indictment presented to the Governor of Texas by the said Executive of Alabama, duly certified to by the clerk.

In the return of the writ of habeas corpus by the said agent and by the sheriff of Taylor County the same exhibits are made. Also the requisition of the Governor of Alabama, stating that it appeared by the annexed copy of the indictment, duly authenticated in accordance with the laws of the State, that George A. Pearce stands charged with the crime of embezzlement and grand larceny committed in the county of Mobile, and it had been represented to him that he had fled from the justice of that State and taken refuge in the State of Texas. Also, as exhibits to the return the authorization of said Dorlan as agent. There were two indictments so certified, each beginning as follows: " State of Alabama, Mobile County. City Court of Mobile, February Term, 1889. The grand jury of said county charge, that before the finding of this indictment, George A. Pearce, an officer or agent of the Planters and Merchants Insurance Company," etc., and concluding, " against the peace and dignity of the State of Alabama." The first indictment contains three counts, charging embezzlement and grand larceny of $30,000, the property of said company. The second indictment contains fifteen counts, charging embezzlement and grand larceny of eighteen State bonds of the denomination of $1000 each, the property of said company. But outside of the marginal statement of venue, and the allegation of the crime being committed before the finding of the indictment, there was no time nor venue laid in the indictment.

The relator insists on being discharged, because there was no indictment pending against him in Alabama or elsewhere which would authorize his extradition; (1) that the so-called " indictments" were insufficient to authorize such a proceeding, because it was not alleged therein that said offenses were committed in the State of Alabama, and in violation of her laws; (2) that said indictments were wholly void, in that no time or place were laid therein, and it did not appear where said offenses were committed, nor that the said offenses were not long since barred. Relator further showed that he had been a citizen of Texas for more than

three years, and his whereabouts were known to interested parties in Alabama, and he asked leave to make proof under the statute of limitation, presumably of Texas.

It may be considered as the settled doctrine of the courts, that a prima facie case is made out against the relator where the returns of the writ of the habeas corpus or the exhibits filed with the petition show (1) a demand or requisition for the prisoner made by the Executive of another State, from which he is alleged to have fled; (2) a copy of the indictment found, certified as authentic by the Executive of the demanding State; (3) the warrant of the Governor of the asylum State authorizing the arrest. When these facts are made to appear by papers regular on their face, the prisoner is prima facie under legal restraint. Spear on Extr., 208–303; In re Clark, 9 Wend., 212; Schlemn's case, 4 Har. (Del.), 577; In re Hooper, 52 Wis., 699, appendix; The People v. Brady, 56 N. Y., 182; Johnston v. Riley, 13 Ga., 97; Ex Parte Stanley, 25 Texas Cr. App., 378. This is practically conceded by relator, who does not deny that he is a fugitive from justice, or raise any issue thereon, as he had a right to do. Ex Parte Mohe, 2 Alb. Law J., 457; Wilcox v. Nolze, 34 Ohio St., 520; Whart. Crim. Pl. and Pr., 31, 34, 35. Relator relies entirely upon the invalidity of the indictments for his discharge, for it is not shown how long the offenses were committed prior to the February Term, 1889, when said indictments were found, nor what is the statute of limitation in Alabama, if any, for embezzlement and theft. Now, admitting that the indictments in this case, if tested by the laws and Constitution of Texas, are wholly insufficient to be made the basis of a conviction, does it follow that they can not sustain the requisition of the Governor of Alabama for relator?

In considering the first objection of relator to the indictment, that it does not allege that the crimes therein mentioned were committed in Alabama and against her laws, we may say, that the right and duty of the Executive of this State to order the arrest and delivery of relator to the Governor of Alabama is derived wholly from the Federal Constitution and acts of Congress. As said in Hibler's case, 43 Texas, 203, this provision of the Constitution is equally binding on each State as though it was a part of its own Constitution, or whether Congress had passed laws relating thereto or not. Now, although the extradition law, as understood by the authorities, can only be invoked by the State within whose limits the crime is committed, yet no specific form of indictment is required by the Federal Constitution or laws. On the contrary, the matter seems to have been left to the due course of legal proceedings in each State.

Article 4, section 2, subdivision 2, of the Constitution of the United States declares, that a person charged in any State with treason, felony,

or other crime, who shall flee from justice and be found in another State, shall, on demand by the Executive of the State from which he fled, be delivered up. Revised Statutes of the United States, section 5278, reads: "Whenever the executive authority of any State demands any person as a fugitive from justice of the Executive of another State  *  *  *  to which such person has fled, and produces a copy of an indictment found, *  *  *  charging the person demanded with having committed treason, felony, or other crimes, certified as authentic by the Governor of the State from whence the person so charged has fled, it shall be the duty," etc.

An examination of the Constitution shows that where a person is charged—that is, in due course of legal procedure of the particular State, or, to use the language of the statute, where there is an indictment found charging a person—with having committed a crime, and he is a fugitive from justice, he should be surrendered on demand of the Executive of the State from which he fled. Had the Constitution declared, that where a person was charged with crime committed in the demanding State, or had the Act of Congress declared, that the demanding Governor must produce a copy of an indictment found charging the person demanded with having committed crime within said State, it would perhaps be held necessary that such allegations should appear in the body of the indictment. But the fact that there are no such requirements, and no special form of indictment prescribed (we are not speaking of affidavits or complaints), would seem to sanction the conclusion, to which the great weight of authority tends, that any indictment which, under the laws of the demanding State, sufficiently charges the crime will sustain the requisition, even though wholly insufficient under the laws of the asylum State. It is, then, to the laws of the demanding State we should look to test the question of crime, and if deemed necessary, the sufficiency of the indictment. Kentucky v. Dennison, 24 How., 104; Ex Parte Reggel, 114 U. S., 642, 651, 5 Sup. Ct. Rep., 1148; Davis' case, 122 Mass., 324; Brown's case, 112 Mass., 409; In re Greenough, 31 Vt., 279; Briscoe's case, 51 How. Pr., 422; Hamilton v. Kingsbury, 4 Fed. Rep., 432; Spear on Extr., 372, 373. Can we, then, take notice of the laws of the demanding State? We can see no good reason why the Governor of the asylum State, in the first instance (Spear on Extradition, page 372), or the courts upon hearing on habeas corpus, may not, and should not look to those laws for guidance. In Ex Parte Reggel, supra, copies of certain of the penal laws of Pennsylvania were forwarded with the requisition, and were considered, and no reason exists why, when we have all the laws of several States at hand, they should not be examined. In trying the case below, the court says he examined a copy of the laws of Alabama, and found the indictments sufficient thereunder. We can see no error.

It is true that in criminal as well as civil cases, the laws of other States must be proven before they can be taken notice of. Thus, in cases where stolen property is brought into this State, a conviction therefor can not be sustained unless it is shown that the act committed in the State from whence it was brought would be theft or robbery by the laws of that State. Penal Code, art. 799. This is because the presumption of innocence must be indulged in favor of defendant by the tribunal which must pass upon his guilt or innocence. But in interstate extradition cases the court of the asylum State can not pass upon such a question. The guilt or innocence of the relator can not be considered. The only question before the court is the correctness and legality of the proceeding. Do they conform to the requirements of Federal and such State laws as the asylum State may have adopted, not in conflict with the Federal laws?

In the case at bar there is no question as to the nature of the crimes charged, and that they are offenses against the laws of Alabama. Embezzlement and theft are crimes in every State of the Union. Neither time nor place are essential elements in said crimes. We do not think an indictment failing to charge time and venue must necessarily be fatally defective in every State in the Union, whatever be its statutes or forms of proceeding. In the case of Noles v. The State, 24 Alabama, 693, this question was passed on by the Supreme Court, which held that the then code, dispensing with the necessity of allegation of time and venue, but requiring proof thereon, was not against the Bill of Rights; that the accusation of the commission of crime is the gravamen of the indictment that could not be dispensed with, but the particulars as to time, place, and circumstance, not constituting essential elements in the crime, may be dispensed with by statute, and be left as a matter of proof in establishing jurisdiction. See, also, Thompson's case, 25 Ala., 41; Quartemus' case, 3 Heisk., 65; Alexander's case, 3 Heisk., 475; Chamberlain's case, 6 Nev., 257; Foster's case, 19 Ohio St., 415.

In speaking of the allegation of time, Mr. Bishop says it is a mere form, unless some special reason renders it important. 1 Bish. Crim. Proc., sec. 386. And in this State, where some allegation of time is necessary, any time between the finding of the indictment and the period fixed by limitation can be shown. In Alabama, under section 4373, Code 1886, it is not necessary to state the precise time at which the offense was committed. It may be alleged to have been committed on any day before the finding of the indictment, unless time is a material ingredient of the offense. As to venue, Mr. Bishop says: "It was provided by 14 and 15 Vic., c. 100, sec. 23, that the venue need not be stated in the body of any indictment, but the county or city named in the margin thereof shall be taken to be the venue for all the facts stated in the body of the indictment." 1 Bish. Crim. Proc., sec. 368. He also says, some of our States have adopted statutes more or less like this one. It is believed that none of them dis-

pense with the proof of the place, but in some the provision is distinct that it need not be alleged. Thus, in Alabama, "it is not necessary for the indictment to allege where the offense was committed, but the proof must show it to have been within the jurisdiction of the county in which the indictment is preferred." 1 Bish. Crim. Proc., sec. 385.

The section of the code referred to by Mr. Bishop is 4374 of the code of 1886. It is true, Mr. Bishop questions the wisdom of such legislation (1 Bishop's Criminal Procedure, section 385), but we may answer in the language of Chief Justice Taney: "Alabama has an undoubted right to regulate forms of pleading and process in her own courts, in criminal as well as civil cases, and is not bound to conform to those of any other State." Kentucky v. Dennison, 24 How., 107; Ex Parte Reggel, 114 U. S., 642, 5 Sup. Ct. Rep., 1148.

The judgment appealed from is in all things affirmed; and it is ordered that appellant pay the costs of this appeal, and that he be delivered to the said P. B. Dorlan, or any duly authorized agent of the State of Alabama, in accordance with the requirements of the executive warrant of the Governor of this State.

HURT, PRESIDING JUDGE, and DAVIDSON, JUDGE. — We desire to modify certain propositions stated in the opinion of Judge SIMKINS. It is intimated, if not stated directly, that the relator would have the right to show by proper evidence that the indictment, in substance, was not sufficient under the laws of the demanding State. Our position upon this question is, that if it reasonably appears upon the trial of the habeas corpus that the relator is charged by indictment, in the demanding State, whether the indictment be sufficient or not under the law of that State, the court trying the habeas corpus case will not discharge the relator because of substantial defects in the indictment under the laws of the demanding State. To require this would entail upon the court an investigation of the sufficiency of the indictment in the demanding State, when the true rule is, that if it appears to the court that he is charged by indictment with an offense, all other prerequisites being complied with, the applicant should be extradited. We are not discussing the character of such proof. This must be made by a certified copy of the indictment, etc.

*Affirmed.*