### Ex parte PIERCE.

(Circuit Court, E. D. Missouri, E. D. May 15, 1907.)

#### No. 5,446.

**1. INDICTMENT—RULES OF CONSTRUCTION—DESCRIPTION OF OFFENSE.**

In the construction of indictments refinement and technicality must yield to substantial things, and the criterion for judging the sufficiency of an indictment is whether the words employed make the charge clear to the "common understanding."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, §§ 266, 310.]

**2. SAME.**

Reasonable implications from facts clearly charged may be indulged in ascertaining the true meaning of an indictment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, § 310.]

**3. EXTRADITION—INTERSTATE—INDICTMENT CHARGING OFFENSE.**

An indictment which avers that defendant, as president of a corporation, in an affidavit made pursuant to the requirement of a state statute, swore that his company was not at the time a party to any agreement with any other company to fix the price or limit the production of any article of manufacture, and that such affidavit was false, in that the company was at the time a party to such a contract with another corporation named relating to a certain article of manufacture, is sufficient to charge the substance of the offense of false swearing under the Texas statute, and to advise the defendant of the offense charged, and constitutes a sufficient foundation for extradition proceedings for the return of defendant from another state.

**4. SAME.**

If an indictment states the substance of an offense, however inartificially, or however involved with immaterial or incompetent matters, it is sufficient to sustain extradition proceedings to secure the return of the accused from another state; all other defects or deficiencies in the indictment being matters to be adjudicated by the trial court.

Habeas Corpus.

John D. Johnson and H. S. Priest, for petitioner.

Barclay & Fauntleroy, for state of Texas and respondent.

ADAMS, Circuit Judge. Petitioner seeks to be discharged from an arrest made under a warrant issued by the Governor of Missouri, pursuant to a requisition made by the Governor of Texas, based upon an indictment charging him with the crime of false swearing as denounced by the statutes of Texas. The Constitution and statutes of the United States, which authorize and regulate the proceedings in extradition (article 4, § 2, of the Constituion and section 5278, Rev. St. [U. S. Comp. St. 1901, p. 3597]), make two fundamental facts essential to extradition: (1) The person sought to be extradited must have been charged by some court of competent jurisdiction in the demanding state with some offense; (2) he must have fled from that state, and been found in another. No complaint is here made of the regularity of the proceedings to secure the warrant of arrest, and no claim is made that the petitioner did not, within the meaning of the law, flee; that is, depart from the state of Texas after the time he is alleged to have committed the offense in question. The sole ground for the petitioner's resistance to the warrant of arrest is that it does not appear that he has been charged with the commission of any offense in Texas, and to this question alone attention need be given. On November 1, 1906, he was indicted by the grand jury of Travis county for the offense of false swearing, indictable under the laws of the state of Texas. The indictment charged him with having made on May 31, 1900, an affidavit wherein he swore among many other things, which for the sake of perspicacity will be omitted, that the Waters-Pierce Oil Company, a corporation of Missouri, organized on May 29, 1900, of which he was president, was not then, on May 31, 1900, "a party to * * * any agreement * * * or understanding with any other corporation, * * * to regulate or fix the price of any article of manufacture, * * * and was not then" a party to "* * * any agreement, * * * to fix or limit the amount of supply or quantity of any article of manufacture. * * *"

The indictment falsifies the affidavit in two respects, among others. It charges, in substance, that on the 31st day of May, 1900, as well as at other times, the Waters-Pierce Oil Company was a party to an agreement with the Standard Oil Company of New Jersey, among others, to regulate and fix the price of petroleum, and to fix and limit the amount of supply and quantity thereof, and that petroleum was an article of manufacture. The charge so made is found in a maze of words in connection with other charges that the corporation was in a "pool," "trust," "combination," "confederation," to fix the price and limit the product of manufacture, and for other purposes. The indictment also charges that the Waters-Pierce Oil Company had been a member of such "pool," "trust," "combination," "confederation," etc., for four months prior to the date of its incorporation. Whatever strictures may be passed upon those features of the indictment falsifying the affidavit as to matters and things alleged to have occurred before the incorporation of the company, or whatever arguments may be drawn from the fact that the affidavit and indictment referred to "pools," "trusts," "combinations," and "confederations," etc., without setting forth the facts which constitute them, or without otherwise defining them, we are by force of the

unequivocal language of the indictment brought to consider whether the charge that the petitioner made a false affidavit, to the effect that on the day he made it his company was not a party to any agreement with any other company or person to fix the price or limit the product of petroleum, states an offense of false swearing within the purview of the Texas statute. Section 752 et seq., Code Cr. Proc. Tex. 1895.

Whatever may have been the high degree of certainty required in framing indictments at common law, it is now well settled that refinement and technicality must yield to substantial things. The criterion for judging the sufficiency of indictments is whether the words employed make the charge clear to the "common understanding." Dunbar v. U. S., 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390. "The object of· criminal proceedings is to convict the guilty, as well as to shield the innocent, and no impracticable standards of particularity should be set up whereby the government may be entrapped into making allegations which it would be impossible to prove." Evans v. United States, 153 U. S. 584, 591, 14 Sup. Ct. 934, 937, 38 L. Ed. 830. "Few indictments * * * are so skillfully drawn as to be beyond the hypercriticism of astute counsel, few which might not be made more definite by additional allegations; but the true test is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran v. United States, 157 U. S. 286, 290, 15 Sup. Ct. 628, 630, 39 L. Ed. 704. Reasonable implications from facts clearly charged may be indulged in ascertaining the true meaning of an indictment. Rosen v. United States, 161 U. S. 30, 33, 16 Sup. Ct. 434, 40 L. Ed. 606; Clement v. United States, 7 C. C. A. 243, 149 Fed. 305. Such are the more recent expressions of the Supreme Court of the United States on this question. They amount to this: That while every precaution must be taken to fairly and fully apprise the accused of the nature and cause of the accusation against him, so as to enable him to make his defense and plead the judgment which may be rendered in the case for his protection against another charge for the same offense, and thereby protect him to the full in his constitutional right to a fair and impartial trial, no impracticable or useless standards of technicality or refinement, which tend to defeat justice or embarrass its administration, should be adopted. Such is also the statutory law of Texas:

"An indictment for any offense against the penal laws of this state shall be deemed sufficient which charges the commission of the offense in ordinary· and concise language in such a manner as to enable a person of common understanding to know what is meant." Article 448, Code Cr. Proc. Tex. 1895.

And in Texas an indictment may be amended by leave of court in all matters of form. Articles 587, 588, Code Cr. Proc. Tex. 1895.

In the light of the foregoing controlling and reasonable rules, it would seem that if a president of a corporation, whose duty it was as its chief executive officer to know what kind of agreements his company had

made, should, pursuant to a law requiring him to do so, make an affidavit that his company was not on a given day a party to an agreement with any other company to fix the price or limit the production of an article of manufacture, the affiant could hardly say, when charged with false swearing in that particular, that he could not understand the nature of the charge, that its meaning was not apparent to common understanding, that it was only the expression of an opinion without knowledge of its meaning, when taken in connection with the law governing the same. There might be force in the argument of petitioner's counsel that the charge is based on a mere expression of opinion, and not on facts, if affiant had sworn as to the meaning or legal significance of some existing agreement or contract; but such is not the case. He swore to the fact his company had no agreement whatsoever with any other corporations or persons fixing the price or limiting the product of a manufactured article. It is not apparent how that single fact could be amplified by any statement of the terms of an agreement, when the existence itself of any such agreement is denied in toto. The indictment in the particulars just discussed in my opinion states the substance of an offense within the meaning of the extradition laws of the United States. It is true it employs some useless verbiage, is intricate and involved in its attempt at comprehensiveness, states and must stand on the somewhat improbable assertion that the company, whose corporate existence antedated the affidavit only by two days, did all the iniquity charged against it within that time. But none of these considerations can be entertained or their effect adjudicated in this proceeding by habeas corpus. Let it once be conceded or determined that the substance of an offense is stated in the indictment, however inartificially it may be done, or however involved with immaterial or incompetent matters it may be, all other questions affecting the proceedings or the merits of the case must be relegated to the consideration and final adjudication of the courts of the demanding state. Those courts are conclusively presumed to administer the law of the land, and will discharge their duty with fairness and impartiality to the petitioner, as well as to the state. Such is the firmly settled rule from which this court cannot depart. Ex parte Reggel, 114 U. S. 642, 651, 5 Sup. Ct. 1148, 29 L. Ed. 250; Pearce v. Texas, 155 U. S. 311, 313, 15 Sup. Ct. 116, 39 L. Ed. 164; Whitten v. Tomlinson, 160 U. S. 231, 16 Sup. Ct. 297, 40 L. Ed. 406; Benson v. Henkel, 198 U. S. 1, 11, 25 Sup. Ct. 569, 49 L. Ed. 919; Hyde v. Shine, 199 U. S. 62, 83, 25 Sup. Ct. 760, 50 L. Ed. 90; Pettibone v. Nichols, 203 U. S. 192, 27 Sup. Ct. 111, 51 L. Ed. 148; Davis' Case, 122 Mass. 324; Ex parte Pearce, 32 Tex. Cr. R. 301, 23 S. W. 15.

Testing the indictment in another way, the same result follows. The charges contained in it include two at least which show the substantial elements of the offense of false swearing, and within the rule laid down in Stewart v. United States, 119 Fed. 93, 55 C. C. A. 641, and in Re Green (C. C.) 52 Fed. 106, specially relied upon by petitioner's counsel, it cannot be said that the indictment is essentially and fundamentally defective. If the petitioner, without any motion to quash, or other attack upon the indictment, had entered a plea of not guilty, gone to

trial, and suffered a conviction, it could not be successfully contended that a motion in arrest interposing for the first time an objection to the sufficiency of the indictment would have been sustained (statute of jeofail; section 464 Code Cr. Proc. Tex. 1895), or that such judgment of conviction would have been absolutely void. There is too much substance in the indictment, notwithstanding much surplusage, to justify such a conclusion. If the indictment would not have been void on a motion in arrest, it must be held good as against the present collateral attack.

It is argued that, because the indictment was not found within three years after the commission of the offense, prosecution for it is barred by the statute of limitations, which is three years. Article 218, Code Cr. Proc. Tex. 1895. That argument is without merit. The statute constitutes a defense to be availed of at the option of an accused person, and one which may or may not be good. It may turn out to be true that the petitioner has been absent from the state of Texas during a part of the time since 1900. If so, the duration of such absence would not be included in the period of limitation. Article 221, Code Cr. Proc. Tex. 1895.

After a careful consideration of the able argument of counsel for both sides, the conclusion is irresistible that the substance of an offense is found in the indictment, and that jurisdiction rests alone with the courts of the demanding state to pass upon any question which may arise in its consideration and trial.

The prisoner must be remanded, and it is so ordered.