[Criminal No. 421.   Filed May 19, 1917.]

[165 Pac. 313.]

WM. HENRY MARSHALL, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—NAMING DEFENDANTS IN STATEMENT CHARGING ACTS. Where the names of defendants were given in the title of the information, and the charging part referred thereto by the use of the words "said defendants," the information was sufficient, although defendants were not named in the statement charging the offense, in view of Penal Code of 1913, section 944, providing that no informa-

tion .is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits.

2. CRIMINAL LAW—ALLEGATION OF FILING.—The information was sufficient, although it did not allege the date of filing.

3. INTOXICATING LIQUORS—IMPORTATION INTO STATE—EVIDENCE—SUFFICIENCY.—In a prosecution for illegal transportation of whiskey over state line, evidence *held* sufficient to justify jury in drawing inference that accused advised and encouraged the unlawful introduction.

[As to state regulation of transportation of intoxicating liquors, see note in Ann. Cas. 1917A, 622.]

APPEAL from a judgment of the Superior Court of the county of Graham. A. G. McAlister, Judge. Affirmed.

Mr. W. K. Dial, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. R. Wm. Kramer and Mr. Geo. W. Harben, Assistant Attorneys General, for the State.

CUNNINGHAM, J.—The appellant demurred to the information filed. The demurrer is upon the grounds that the information does not substantially conform to the requirements of paragraph 935 of the Penal Code of Arizona of 1913, in the particular that it does not name the party charged with the commission of the offense in the body of the information, and that it is not direct and certain as it regards the party charged, as required by paragraph 936 of the Penal Code of 1913. The demurrer was overruled.

The information, omitting the title of the court, is as follows:

"The State of Arizona, Plaintiff, v. Ed Knight, James Bozelli, William Marshall, Tom Williams, Jose Garcia, C. B. (John) Hellings, Defendants. Information. In the name and by the authority of the state of Arizona, said defendants are accused by the county attorney of Graham county, state of Arizona, by this information, of the crime of misdemeanor, committed as follows: That said defendants, on or about the 13th day of April, 1916, and before the filing of this information, at and in the county of Graham, state of Arizona,

willfully, knowingly, unlawfully, did introduce into the state of Arizona, and into the county of Graham in said state, intoxicating liquors, to wit, whiskey, contrary,'' etc.

Paragraph 934 of the Penal Code of Arizona of 1913 requires that the information must contain: (1) The title of the action, specifying the name of the court to which the same is presented and the names of the parties. (2) A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Paragraph 935, Id., sets forth a form for informations, and declares that if the form suggested and set forth is substantially followed the information is sufficient. The information filed does not allege the date of the filing. The names of the defendants are given in the title of the action, but not specified in the statement charging the acts constituting the offense. The title of the action is referred to for the names of the parties charged by the use of the words ''said defendants.'' Paragraph 936, Id., requires that the information must be direct and certain as it regards: (1) The party charged; (2) the offense charged; (3) the particular circumstances of the offense charged, when necessary.

''The . . . information is sufficient, if it can be understood therefrom: . . . (3) That the defendant is named, or if his name cannot be discovered, that he is described by a fictitious name. . . . '' Paragraph 943, Penal Code 1913.

''No . . . information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits.'' Paragraph 944, Penal Code 1913.

The appellant is named in the title of the action, and that name is clearly referred to in the commencement of the information by the words ''said defendants.'' The defendants named in the title of the action and so referred to are certainly the parties directly charged. Can this be misunderstood? This defendant is most certainly named within the four corners of the information, and as certainly the information charges this defendant with the commission of the alleged offense. If we should hold otherwise, we would disregard paragraph 944 of the Penal Code of Arizona of 1913, and hold that the information is imperfect and defective in

form, but has no tendency to the prejudice of a substantial right of the defendant upon the merits. The omission of the date on which the accusation is made by the county attorney, and the reference to the title of the cause for the name of the party charged is a practice to be discouraged in the most positive terms, but, after all, these matters as they occur in this particular information are nothing more important than defects and imperfections in the form of the information, and do not seem to prejudice the rights of this appellant upon a consideration of a demurrer. The demurrer was overruled without the commission of reversible error.

The fact in issue at the trial was whether the defendant Marshall was concerned in the act of transporting the whiskey over the state line. The appellant conceded that he left Globe and went to Lordsburg, New Mexico, for the purpose of buying whiskey and bringing the whiskey back to Globe; that he went to Lordsburg, arriving there about 11 o'clock in the morning; that he met a man, who stated his name was Harris; that Harris informed defendant that defendant could get all the whiskey wanted at Duncan, Arizona, from a man driving a wagon; and that, if defendant would return by the way of Duncan, he would meet the said driver of the wagon, from whom defendant could get the spirits wanted, and evade the penalty of the law for introducing the whiskey into the state. Defendant followed the instructions given him by the man calling himself Harris, and met the "booze" wagon at the time and place Harris informed defendant he would meet it, and, after defendant informed the driver of the "booze" wagon that he (defendant) had seen Harris in Lordsburg, then no trouble was encountered in having 17 cases of whiskey transferred from the "booze" wagon into defendant's possession, but this transfer took place in Arizona.

Courts have never applied the admiralty rules which recognize the vessel of one nation within the waters of another nation as within the jurisdiction of its home to "booze ships" cruising about the Southwestern desert stretches and unconsciously crossing a state line. The "booze" wagon mentioned in the testimony in this case, from the description given of its contents, was a tramp vessel of the desert launched in the wet state of New Mexico, and cruising along under the radio orders of Harris. It was a matter for the jury to determine whether the appellant, Marshall, as a fact received the posses-

sion of the whiskey within the state of New Mexico, and caused it to be introduced into Arizona for the purposes of sale, or whether he went to Lordsburg, New Mexico, for information as to where he could get the whiskey closer home, and there found this "Desert Spiritual Admiral" Harris, and from him did get the information sought, and succeeded in evading the laws of the state of Arizona. No rational, fair jury would believe that Marshall was not concerned in introducing the whiskey into Arizona. Because Marshall conveniently met a man driving a wagon loaded with whiskey, all within Arizona, and got the whiskey from the wagon and paid for it, all within Arizona, is evidence that the whiskey was delivered to Marshall within Arizona; but the fact remains that the whiskey in the wagon belonged in Lordsburg, New Mexico, that it was under the control of a man calling himself Harris, and that it was sent into Arizona from New Mexico for the purpose of being delivered in Arizona to the persons designated by Harris, including Marshall, and to be paid for on delivery.

Did Marshall aid and abet the introduction of the whiskey into Arizona, or, not being present, did he advise and encourage such unlawful introduction? If the jury believed all of Marshall's and Hellings' testimony, they must therefrom believe that Marshall and Hellings did not directly commit the act of passing the whiskey over the state line. So believing, the jury are justified in drawing the inference, from all the facts and circumstances in evidence, that Marshall did advise and encourage the introduction of such whiskey into the state by Harris and the man in charge of the "booze" wagon. Without the least doubt the "booze" wagon was on the road "this side of Duncan" by previous arrangement made by Marshall with the man calling himself Harris. It is not reasonable to believe that a man will load a wagon with whiskey and drive along the public traveled highways of Arizona, accosting all the strangers he may meet traveling the road, and offering to sell whiskey in wholesale lots, without some knowledge that the person met is in search of whiskey, more particularly when the highway is one leading directly into a state where whiskey is sold lawfully, and the travelers are coming from the direction of the licensed sale places. The jury are justified in drawing the inference of fact, from all of the circumstances in evidence surrounding the trans-

action, that Marshall advised and encouraged the unlawful introduction of the whiskey in question from the state of New Mexico into the state of Arizona.

Upon the whole case I am satisfied that the appellant has been awarded a fair and impartial trial, and has been justly convicted of the offense charged. Consequently the judgment must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.