208

**DOWNEY et al. v. HALE, Lieutenant Detective.**

**No. 2841.**

Circuit Court of Appeals, First Circuit.
Oct. 18, 1933.

Daniel A. Shea, of Boston, Mass. (Leslie J. Gilbride, of Boston, Mass., on the brief), for appellants.

George B. Lourie, Asst. Atty. Gen. (Joseph E. Warner, Atty. Gen., and Stephen D. Bacigalupo, Asst. Atty. Gen., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and McLELLAN, District Judge.

PER CURIAM.

█ The issue in this case is whether the indictment presented with a request of the Governor of New York for the extradition of the petitioners is a sufficient indictment under the constitution and laws of the state of New York. Pearce v. Texas, 155 U. S. 311, 15 S. Ct. 116, 39 L. Ed. 164. The defect alleged by the petitioners is that the full names of the petitioners appear only in the title of the indictment in which they are also described as defendants. It is strenuously urged that, as the title is no part of the indictment, the names of the persons therein charged with a crime should appear in full in the body of the indictment.

We think the indictment appears to be sufficient under sections 275 and 285 of the New York Code of Criminal Procedure, which read as follows:

"§ 275. The indictment must contain:

"1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties;

"2. A plain and concise statement of the act constituting the crime without unnecessary repetition.

"§ 285. No indictment is insufficient nor can the trial, judgment, or other proceedings thereon be affected, by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits."

In the title of the indictment as presented, the correct names of the petitioners are given as defendants, and in' the body of the indictment they are referred to as "said defendants," thus adopting in the allegations of the indictment the names appearing in the title.

A similar indictment has been held sufficient by the Supreme Court of Arizona, Marshall v. State, 19 Ariz. 44, 165 P. 313; and also by the Supreme Court of Oregon, Ah Poo v. Stevenson, 83 Or. 340, 163 P. 822. Each of the states above named have the same Code provisions as those of New York above quoted.

█ Unless clearly void on its face under the laws of the demanding state, the validity of the indictment must be left to the courts of that state. Pearce v. Texas, supra; Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302.

The orders of the District Court denying the petitions are affirmed.