### EX PARTE EDWARD LAWRENCE WOODLAND.

No. 22739. Delivered December 8, 1943.
Rehearing Denied January 26, 1944.
Request for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) February 2, 1944.

The opinion states the case.

*Alex P. Pope* and *Nat Gentry, Jr.*, both of Tyler, and *M. Neal Smith*, of Longview, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was charged by indictment of a grand jury of Simpson County, Mississippi, of the offense of a burglary at nighttime, and under such an indictment he was found in Smith County, Texas, and by peace officers held thereunder. Upon an application for his extradition the Governor of this State ordered relator into the custody of an agent of the State of Mississippi to be taken back to said State in order to answer such indictment. Relator was duly granted a writ of habeas corpus, and at a hearing before the district judge of said court, in said county, he was remanded to the custody of such agent to be returned to the State of Mississippi. From the order of such judge he presents this, his appeal.

There is naught offered herein save a question of fact, relator contending strenuously, and such contention supported by many witnesses, that he is not a fugitive from justice, was not in the State of Mississippi at the time such offense was alleged to have been committed, and was never in such state in his life. Just as strenuously does the State contend, and show by witnesses, that relator was present at the time and place of the commission of the alleged offense. We, therefore, have a mooted question of fact, with believable testimony on both sides thereof, and we find ourselves in the same position of the trial court wherein he held that a jury in Mississippi could pass upon this question of fact at the proper time. Of course, if it was conclusively shown that relator was not present in the State of Mississippi at the time of the commission of the alleged offense, then he could not be termed a fugitive from justice, and should be discharged hereunder. See Ex parte Baird, 17 S. W. (2d) 1049, 112 Texas Crim. R. 602. That was the question presented to the trial court, relator's absence from such state being affirmed by his array of witnesses, and the contrary of such proposition being supported by the array of State's witnesses, who just as positively asserted relator's presence in such sister state at the time of the commission of such alleged offense.

Under the facts presented we think the trial court's ruling herein was correct, and its judgment remanding relator is therefore affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, relator presents a matter not heretofore urged. He now insists that the indictment in the demanding state is fatally defective and that it charges him with no offense in that State. In support of this contention, he calls attention to the fact that the indictment alleged that the offense was commited " - - - - - on or about the_____ day of_____ 1943," and that there is nothing to show that the laws of the demanding State authorize the date of the. offense charged to be so alleged in an indictment. He therefore concludes that, under the presumption that the laws of the demanding State are the same as those of this State, the sufficiency of the indictment, in the particular mentioned, should be tested by the laws of this State, and that, when so tested, the indictment is fatally defective, under the authority of Coleman v. State, 62 S. W. 753, wherein this court held that an indictment alleging the offense to have been committed " - - - on or about _____ day of _____ , on thousand and nine hundred, A. D. 1900, - - -," was fatally defective and failed to charge an offense.

In the instant case, the warrant of the Governor of this State recites, among other things: "It has been made known to me by the Governor of the State of Mississippi that EDWARD LAWRENCE WOODLAND stands charged by INDICTMENT before the proper authorities, with the crime of BURGLARY committed in said State - - - - - - - - - - -." Such warrant showing, upon its face, that relator was charged, by indictment, in the demanding State, with the offense of burglary, and being otherwise regular on its face, same was valid and made a prima facie case for the respondent. Ex parte Pearce, 32 Tex. Cr. R. 301, 25 S. W. 15; Ex Parte Ponzi, 106 Tex. Cr. 58, 290 S. W. 170; Ex parte Nix, 85 Tex. Cr. R. 307, 212 S. W. 507; Ex Parte Chittenden, 124 Tex. Cr. R. 228, 61 S. W. (2d) 1008; Ex Parte Wright, 174 S. W. (2d) 601.

The Pearce case, supra, is deemed applicable and controlling here. There the relator was held, as a fugitive from the State of Alabama, to answer charges in that State, presented by indictments, of embezzlement and grand larceny. The indictments contained no allegation of time or venue. It was urged that the indictments were fatally defective because neither the time nor the place was alleged therein, as to when or where the offenses were committed. In overruling relator's contention, the majority opinion of this court said:

"Our position upon this question is, that if it reasonably appears upon the trial of the habeas corpus that the relator is charged by indictment, in the demanding State, whether the indictment be sufficient or not under the law of that State, the court trying the habeas corpus case will not discharge the relator because of substantial defects in the indictment under the laws of the demanding State. To require this would entail upon the court an investigation of the sufficiency of the indictment in the demanding State, when the true rule is, that if it appears to the court that he is charged by indictment with an offense, all other prerequisites being complied with, the applicant should be extradited." The Pearce case was affirmed by the Supreme Court of the United States. 155 U. S. 311, 39 L. Ed. 164, 15 S. Ct. 116.

If the indictments against relator are defective under the laws of the demanding State, he can so show in that State. Such question is not one for the determination of the courts of this State.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.