**Ex parte Guy DRAKE.**

**No. 34693.**

Court of Criminal Appeals of Texas.

June 27, 1962.

Rehearing Denied Oct. 24, 1962.

Second Rehearing Denied Dec. 5, 1962.

Third Rehearing Denied Jan. 9, 1963.

782

William Davenport, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order of the District Court of Tom Green County remanding the appellant to the Sheriff of said county for extradition to the State of Alabama.

The executive warrant of the Governor of Texas, the application for the requisition, the requisition, and a copy of the indictment were introduced in evidence. They made out a prima facie case that the accused is a fugitive from justice and subject to extradition. Ex parte Gesek, 164 Tex.Cr.R. 652, 302 S.W.2d 417.

Appellant contends that there is no proof in the record showing that "false pretense" is a crime according to the laws of the State of Alabama. The Alabama requisition recites that he stands charged with "the crime of false pretense, as shown by indictment", and alleged in the application to have been committed on June 17, 1961.

There is no proof of the laws of the State of Alabama. In the absence of such proof, it will be assumed that the laws of Alabama are the same as those of Texas. Art. 1545, Vernon's Ann.P.C., makes it an offense to acquire any thing of value.

"by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the right of the party justly entitled to the same."

The Alabama indictment alleges that the appellant

"did falsely pretend to C. L. Beale, with intent to defraud, that he had on deposit at The Commercial Bank, Andalusia, Alabama, $179.22, and, by means of such false pretense, obtained from the said C. L. Beale money or merchandise * * *."

The appellant is sufficiently and substantially charged with a crime.

The evidence was sufficient to authorize the trial court to conclude, as he did, and remand appellant for extradition.

The judgment is affirmed.

Opinion approved by the Court.

### On Motion for Rehearing

MORRISON, Judge.

Appellant urges that we discuss his contention that the indictment which was introduced at the hearing alleged no date on which the offense, with which he was charged having committed in the State of Alabama, occurred. The indictment reads in part as follows:

"Circuit Court of Montgomery County, November Term A.D. 1961.

"The Grand Jury of said County charge that, *before the finding of this indictment,* Guy Drake * * * did * * *."

Were we writing on a clean sheet, we might be inclined to agree with appellant's contention, but we find that this Court has held in Pearce v. State, 32 Tex.Cr.R. 301, 23 S.W. 15, that an indictment from the same State containing the same allegation as to when the offense was committed was sufficient to authorize extradition. Ex parte Strom, 168 Tex.Cr.R. 130, 324 S.W. 2d 224, we said:

"We hold that the complaint substantially charges appellants with the crime of robbery in the State of California and that the question of its sufficiency as a criminal pleading is one to be determined by the courts of that State."

See also Ex parte Woodland, 146 Tex.Cr.R. 616, 177 S.W.2d 62, and Annot., 46 A.L.R. 2d, pp. 1151, 1159.

Appellant's motion for rehearing is overruled.

### On Appellant's Second Motion for Rehearing

McDONALD, Judge.

Appellant insists that Pearce v. State, 32 Tex.Cr.R. 301, 23 S.W. 15, is incorrect if the holdings of this court in its original opinion and on motion for rehearing are correct.

We have reviewed with the utmost care our prior holdings and the cases cited therein.

The writer is also impressed with the opinion written by Judge Simkins in Pearce, supra. A careful analysis of Pearce is most revealing. The majority holding of this court as expressed in Pearce was not in the opinion written by Judge Simkins, however. The views of the majority are expressed by then-Presiding Judge Hurt and Judge Davidson in their short opinion following the opinion by Judge Simkins.

We remain convinced that our prior opinions correctly disposed of this case.

Appellant's second motion for rehearing is overruled.