**Ex parte Pablo FLORES, Jr.**

**No. 53937.**

Court of Criminal Appeals of Texas.

March 9, 1977.

Rehearing Denied March 30, 1977.

Sam Saleh, Lamesa, for appellant.

Joe Smith, Dist. Atty., and Ricky Smith, Asst. Dist. Atty., Lamesa, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order of the trial court entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Alabama.

■ The executive warrant of the Governor of this State, which was admitted into evidence, is regular on its face and makes out a prima facie case authorizing extradition. *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.1975). The Governor's warrant states, among other things, that appellant "stands charged by AFFIDAVITS BEFORE A MAGISTRATE WITH WARRANTS before the proper authorities, with the crime of FALSE PRETENSE(s)—(two counts)," etc.

Appellant's sole contention on appeal is that the trial court erred in remanding him for extradition because the Alabama affidavits, upon which the requisition was based, failed to state the date on which the offenses were allegedly committed in that State. An examination of these affidavits reveals that they do not, in fact, state the date of the alleged offenses. Nevertheless, we have concluded that such failure does not defeat appellant's extradition.

In *Pearce v. State*, 32 Tex.Cr.R. 301, 23 S.W. 15 (1893), the relator had been remanded to custody for extradition to the State of Alabama. He contended that the Alabama indictments, upon which requisition was sought, were wholly void, in that neither venue nor the dates of the alleged offenses were laid therein. On appeal, the extradition was upheld. In a separate opinion by Hurt, P. J., and Davidson, J., it was stated:

"Our position upon this question is that, if it reasonably appears upon the trial of the habeas corpus that the relator is charged by indictment, in the demanding state, whether the indictment be sufficient or not under the law of that state, the court trying the habeas corpus case will not discharge the relator because of substantial defects in the indictment under the laws of the demanding state. To require this would entail upon the court an investigation of the sufficiency of the indictment in the demanding state, when the true rule is that, if it appears to the court that he is charged by indictment with an offense, all other prerequisites being complied with, the applicant should be extradited."

That decision was affirmed by the Supreme Court of the United States in *Pearce v. Texas*, 155 U.S. 311, 15 S.Ct. 116, 39 L.Ed. 164 (1894).

In *Ex parte Woodland*, 146 Tex.Cr.R. 616, 177 S.W.2d 62 (1943), the indictment upon which requisition to the State of Mississippi was sought alleged that the offense was committed "on or about the _____ day of _____, 1943." Contrary to the relator's assertion that the Mississippi indictment

was fatally defective, this Court, citing *Pearce v. State*, supra, upheld Woodland's extradition and affirmed, saying,

"If the indictments against relator are defective under the laws of the demanding State, he can so show in that State. Such question is not one for the determination of the courts of this State."

In *Ex parte Drake*, 363 S.W.2d 781 (Tex. Cr.App.1962), extradition to Alabama was again upheld, even though the Alabama indictment failed to contain an allegation as to when the offense was purportedly committed. Relying upon *Ex parte Woodland*, supra, and *Pearce v. State*, supra, the extradition was upheld.

Appellant has advanced no reason for construing affidavits from a demanding state more strictly than indictments from a demanding state; and, we refuse to do so. See and compare *Vallejo v. State*, 408 S.W.2d 113 (Tex.Cr.App.1966). Further, we adhere to what we said in *Ex parte Bowman*, 480 S.W.2d 675 (Tex.Cr.App.1972), that the asylum state is not concerned with the sufficiency of the indictment, information, or affidavit as a criminal pleading, because this is a question to be determined by the courts of the demanding states. See also *Ex parte Gore*, 162 Tex.Cr.R. 128, 283 S.W.2d 69 (1955), and *Ex parte Strom*, 168 Tex.Cr.R. 130, 324 S.W.2d 224 (1959).

The judgment is affirmed.