**Ex parte Gregory R. YOUNG.**

**No. 67599.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 22, 1981.

Steve Hebert, Bayton, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

Appellant appeals from an order of the trial court entered in a habeas corpus proceeding ruling that appellant be extradited to the State of West Virginia.

Appellant's contention is that the trial court erred in denying habeas corpus relief because the West Virginia indictment upon which the requisition was based failed to state the date on which the offense was allegedly committed, thereby denying him due process of law.

In *Ex parte Woodland*, 146 Tex.Cr.R. 616, 177 S.W.2d 62 (1943), an identical contention was raised. This Court upheld the extradition, saying:

"If the indictments against relator are defective under the laws of the demanding State, he can so show in that State. Such question is not one for the determination of the courts of this State."

See also, *Ex parte Flores*, 548 S.W.2d 31 (Tex.Cr.App.1977).

This same fact situation arose in *Pearce v. State*, 23 S.W. 15 (Tex.Cr.App.1893). This Court rejected relief. That decision was affirmed by the United States Supreme Court in *Pearce v. Texas*, 155 U.S. 311, 15 S.Ct. 116, 39 L.Ed. 164 (1894), a case recently cited in *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

The judgment is affirmed.