# JANUARY 28, 1942

EX PARTE J. I. BLACKWOOD.

No. 21969. Delivered December 17, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*Hardin & Johnson,* of Dallas, and *Scott Reed,* of Groesbeck, for appellant.

*L. L. Geren,* County Attorney, and *J. B. Engledow,* Assistant County Attorney, both of Groesbeck, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was held by District Judge Max M. Rogers under a warrant of Governor Coke R. Stevenson of Texas, who honored a request from the Governor of California for the extradition of relator to the latter state, Judge Rogers refusing the discharge of relator under a writ of habeas corpus.

There are two bills of exception in the record. Bill No. 1 complains because of the fact that this writ, although granted by Judge H. F. Kirby, the judge of the district wherein this hearing was had,—was not heard by him, but was heard by Judge Max M. Rogers of an adjoining district. It appears from the testimony that Judge Kirby was under the care of a physician, and had been in bed some weeks, and under such physician's advice he was not in a condition where it would be advisable for him to conduct this hearing. Nevertheless relator's attorney objected to going to trial herein before any judge except Judge Kirby, and such objection is the basis of this bill.

We find in the record that at a special term of the 77th District Court a request was made by Judge Kirby to Judge Rogers, presiding judge of the administrative district, to sit for him in this case on account of the illness of Judge Kirby. We also find an order from the presiding judge of the second administrative judicial district of Texas, who happened to be Judge Rogers, assigning himself to the District Court of Limestone County for the trial of any matters that might therein arise at such term of the 77th District Court. It appears that in compliance with such request and order Judge Rogers tried this cause.

It is provided by Art. V, Section 11, of the State Constitution that "district judges may exchange districts, or hold court for each other when they deem it expedient, and shall do so when required by law." To the same effect is Article 1916, R. C. S.

Again, it is said in Baldwin et al. v. Leonard, 110 S. W. (2d) 1160, 1161, after quoting Art. V, Sec. 11, supra.

"Under the above provisions, '* * * an exchange of districts may be effected upon the judges' own initiative, or as the result of a request of one of the judges * * * ' "

To the same effect is the case of Moore v. Davis, 32 S. W. (2d) 181.

We also quote from 25 Tex. Jur., p. 346:

"The governor may designate a judge from another district to sit in lieu of one who is disqualified. It is not essential, however, that this course be taken, for an exchange of districts may be effected upon the judges' own initiative, or as the result of a request of one of the judges. The making and entry of a formal order declaring the exchange of districts by the judges is not required; nor is it essential that the docket or minutes show a reason for the exchange. If a formal order has been made, a recital therein as to the exchange will be taken as presumptively true."

Bill of exception No. 2 claims that the governor's warrant should not have been admitted in evidence because the same does not reflect truly the action of the governor on the request for extradition. The warrant shows that same was granted

because of the alleged commission by relator of a felony: "grand theft—three counts." It is attempted to show that such warrant was granted for a certain theft from one Healy, one of the three counts of grand theft, while there was produced at this hearing one Chastain, who testified relative to a theft from himself. This testimony relative to the granting of the warrant upon the Healy theft was undoubtedly hearsay, and we think was inadmissible to impeach the validity of the warrant of the Governor of Texas.

It is shown that relator is a fugitive from justice from California, and is properly charged with "grand theft (three counts)." The demanding state has properly and legally requested his extradition, our Governor has granted the same and issued his executive warrant thereon.

"In the absence of a showing to the contrary, it is always presumed that the action of the governor in issuing his executive warrant was upon proper and sufficient requisition, and that he has performed his duty legally. The issuance of a warrant, the sufficiency of which is not questioned, established prima facie the authority to hold the accused, and return him to the demanding state." 19 Tex. Jur. 506. Supporting the text, we find Ex parte Gordon, 37 S. W. (2d) 1023; Ex parte Wells, 108 Tex. Cr. R. 57, 298 S. W. 904.

The warrant herein appears to be regular upon its face, and we do not think that the hearsay statement of appellant's attorney as to which count, or as to the offense against which complaining witness this writ was granted and warrant issued thereunder, should be allowed to set such warrant aside and to vitiate the holding of the trial court wherein he remanded relator to the custody of the agent for the State of California.

Perceiving no error in the record, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant complains because we said in our original opinion that Bills of Exception Nos. 1 and 2 failed to reflect error. A re-examination of the bills, in the light of his contention, convinces us more firmly of the correctness of our conclusion as expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.