EX PARTE OLEN LEE ALVEY.

No. 23788. Delivered October 15, 1947.

No attorney of record on appeal.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The Hon. Winter King, Judge of the Criminal District Court of Dallas County, issued a writ of habeas corpus upon the application of relator, and upon a hearing remanded him to the custody of an agent of the State of Wisconsin to be returned to that state for trial upon a charge of armed robbery, from which order this appeal is prosecuted.

The record contains one bill of exception, wherein relator objected to numerous exhibits introduced by the State, approximately nineteen in number, all of which appear to be purported photostatic copies of certain instruments, with the exception of the warrant from the Governor of the State of Texas, the complaint against relator in Madison, Wisconsin, and the appointment of Harry Milstead as transfer agent to the State of Wisconsin were originals. There was no evidence or any kind of certificate from anyone to the effect that the purported photostatic copies introduced by the State were true and correct copies of original instruments. We believe the court erred in admitting such instruments in evidence; but such error would not operate to discharge the relator, since the warrant of the

Governor of the State of Texas recites that it has been made known to him by the Governor of the State of Wisconsin that relator stands charged by complaint and warrant before the proper authorities with the crime of assault and theft, being armed, committed in the State, and that the said defendant had taken refuge in the State of Texas, and it was further ordered in the Governor's warrant that said relator be arrested and delivered to Harry L. Milstead, who is satisfactorily shown and duly authorized to receive relator in custody and convey him back to the State of Wisconsin. The statement of facts shows that the photostatic copies objected to were not before the Governor of Texas, showing that he acted upon the requisition demand independent of them.

The warrant of the Governor of Texas, being regular on its face, the same was valid and made a prima facie case; therefore, in the absence of a showing to the contrary, the issuance of a warrant which is sufficient on its face is authority to hold the accused and return him to the demanding state. See 19 Tex. Jur., 506; Ex parte Gordon, 118 Tex. Cr. R. 150, 37 S. W. (2d) 1023; Ex parte Wright, 146 Tex. Cr. R. 312, 174 S. W. (2d) 601; Ex parte Blackwood, 143 Tex. Cr. R. 169, 157 S. W. (2d) 908.

The judgment remanding relator is affirmed.