## ANDRES DELGADO v. STATE.

No. 25,919. October 8, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) December 10, 1952.

*Fryer & Milstead,* by *John B. Luscombe, Jr.,* El Paso, for Appellant.

*William E. Clayton,* District Attorney, and *Owen H. Ellington,* Assistant District Attorney, El Paso, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an extradition case. Appellant here, relator in the court below, was arrested and taken into custody by the sheriff of El Paso County, acting under the executive warrant of the governor of this state issued upon the requisition of the governor of the State of California. Not only by virtue of the constitutional guarantee but also by virtue of the express provisions of Sec. 10 of Art. 1008a, Vernon's C. C. P., appellant sought, by writ of habeas corpus before the judge of the district court of El Paso County, his discharge from such arrest and custody, claiming that he was not a fugitive within the meaning of that term as contemplated by the Federal Constitution, Art. IV., Sec. 2, Acts of Congress; Sec. 5278, R. S. U. S. (18 U. S. C. A., Sec. 662) and Art. 1008a, Vernon's C. C. P,, known as the Uniform Criminal Extradition Act.

After hearing, the relief prayed for was denied, and appellant was remanded to the custody of the arresting officer. From this order, notice of appeal was given to this court.

The record reflects the following:

Appellant stands charged in the State of California with the offense of assault with a deadly weapon with intent to commit murder and that of assault with a deadly weapon, alleged to have been committed on or about the 4th day of June, 1947. The complaint, however, was not filed until August 13, 1951, or more than four years after the offenses were alleged to have been committed, and contained averments to the effect that from the date of the alleged offenses to the date of the filing of the complaint appellant "was absent from and not an inhabitant of, nor usually a resident within, the State of California."

Among the papers accompanying the requisition of the governor of the State of California were the ex parte affidavits of the alleged injured parties and a witness, showing that appellant committed the offenses charged about 10:35 p.m., on the night of June 4, 1947, by striking and beating the injured parties with a hatchet.

Upon this hearing, the state introduced in evidence the requisition papers, including the ex parte affidavits mentioned and a photograph purporting to be that of the appellant, who the injured parties and the witness say was the guilty party.

Appellant objected to the introduction in evidence of such affidavits and has preserved, by proper bills of exception, the question as to the admissibility of the affidavits.

Upon the prima facie case made by the warrant of the governor of this state and the requisition and accompanying papers, the state rested its case.

As shown by the testimony of appellant and that of his mother, sisters, and disinterested and non-relative witnesses, appellant received, on June 1, 1947, a wire from his brother advising him of the serious illness of his father in El Paso and urging him to come immediately. In obedience to that wire, appellant left Los Angeles on June 1, 1947, and arrived in El Paso on the night of June 2, 1947, a few hours after his father's death. Appellant, who was seen there by disinterested witnesses, attended the rosary services for his father on June 3 and also

the funeral on June 4, 1947 (the date the offenses were alleged to have been committed in Los Angeles).

Other than the ex parte affidavits heretofore mentioned, this testimony of the appellant and his witnesses was not denied or contradicted in any manner or by any witness.

It is in the light of these facts that the correctness of the trial court's ruling must be tested.

If appellant was not within the confines of the State of California and had not fled therefrom at the time of the commission of the offenses which he was alleged to have committed, he was not and could not have been a fugitive from justice and subject to be extradited for the offenses charged. Hyatt v. New York, 188 U. S. 691, 712, 47 L. Ed. 657, 661, 23 S. Ct. 456, 459; Ex Parte Hogue, 112 Tex. Cr. R. 495, 17 S. W. 1047.

This rule, however, is subject to the exception which is not applicable to the instant case—as provided for by Sec. 6 of the recently enacted Uniform Criminal Extradition Act, Art. 1008a, Vernon's C. C. P., the constitutionality of which has been upheld in Culbertson v. Sweeney, 44 N. E. (2d) 807, and Cassis v. Fair, 29 S. E. 2d 245, 151 A. L. R. 233, by which extradition is authorized for those who are charged with committing an act in this state or in a third state intentionally resulting in a crime in the demanding state.

By the affidavits of the injured parties and of the witness which accompanied the requisition papers, the exact date and time the offenses were alleged to have been committed were definitely fixed. There was no variableness in the date and time fixed.

The testimony of the appellant and his witnesses shows that he was not in the State of California at that time, and therefore was not and could not have been a fugitive from justice. There is no escape, therefore, from the conclusion that the learned trial judge, in remanding appellant for extradition, did not accept the testimony of the appellant and his witnesses. The question before us, then, is whether the trial judge was justified in reaching that conclusion.

The rule is well established that where, as here, the governor of the demanding state certifies that the affidavits, documents,

and papers accompanying the requisition are authentic, and the governor of the asylum state, in the exercise of the discretion lodged in him, issues his executive warrant thereon, such warrant becomes and is prima facie evidence that the accused is a fugitive from justice and is subject to be extradited. Hyatt v. New York, supra; 22 Am. Jur., Sec. 52, p. 290; 35 C. J. S., Sec. 16d, p. 345; Roberts v. Reilly, 116 U. S. 80, 29 L. Ed. 544, 6 S. Ct. 291; Ex Parte Carroll, 86 Tex. Cr. R. 301, 217 S. W. 382; Ex Parte Alvey, 204 S. W. 2d 838, 150 Tex. Cr. R. 570; Ex Parte Norris, 225 S. W. 2d 193.

In exercising the duty resting upon the governor of the asylum state in determining that the accused is a fugitive from justice, no fixed rules of evidence or procedure are applicable. To the contrary, the executive may rest his decision that the accused is a fugitive from justice upon any evidence which is satisfactory to him—and this, with or without the accused being given the opportunity of being heard. 22 Am. Jur., Sec. 46, p. 282; 35 C. J. S., Sec. 15, p. 339; Ex Parte Gibson, 149 Tex. Cr. R. 543, 197 S. W. 2d 109; Hogan v. O'Neill, 255 U. S. 52, 56, 65 L. Ed. 497, 41 S. Ct. 222.

Giving effect to these rules here, it is apparent that under the executive warrant of the governor of this state, the requisition, affidavits, and accompanying papers, and the presumption which the law applies thereto, the learned trial judge was authorized to reach the conclusion that he did. Ultimately, then, the question for our determination is whether we can say that the trial judge, in reaching such conclusion and in rejecting the testimony of the appellant and his witnesses, abused the discretion lodged in him.

In making this determination, we are impressed with what was said by the Supreme Court of the United States in McNichols v. Pease, 207 U. S. 100, 112, 52 L. Ed. 121, 126, 28 S. Ct. 58, in referring to the case of Appleyard v. Mass., 203 U. S. 222, 51 L. Ed. 161, 27 S. Ct. 122, as follows:

"When a person is held in custody as a fugitive from justice under an extradition warrant, in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States. We may repeat the thought expressed in Appleyard's Case, above cited, that a faith-

ful, vigorous enforcement of the constitutional and statutory provisions relating to fugitives from justice is vital to the harmony and welfare of the states, and that 'while a state should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.' "

The trial court had before him the entire record and all the facts; he heard and saw the witnesses for the appellant. We cannot say that he abused his discretion in reaching the conclusion that he did and in failing to accept as true the testimony of the appellant and his witnesses.

The affidavits of the injured parties and supporting witness, to the introduction of which appellant objected, were a part of the papers accompanying the requisition and upon which the governor of this state issued his executive warrant. They were admissible, therefore, in that connection and for the purpose of showing the basis upon which the governor of this state acted when issuing this warrant, and were a part of the state's prima facie case.

From what has been said, the conclusion is reached that the judgment of the trial court should be, and is, affirmed.

Opinion approved by the court.