EX PARTE WILLIAM CALVIN JOHNSON.

No. 26,331. March 4, 1953.
Appeal Reinstated April 15, 1953.

458

*Fred A. Semaan,* San Antonio, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an extradition case wherein relator seeks, by writ of habeas corpus, his discharge from arrest and custody under the executive warrant of the Governor of this State, issued upon the requisition of the Governor of the Commonwealth of Virginia, where relator stands charged by affidavit with the crime of murder.

Construing the order of the judge of the criminal district court of Bexar County, Texas, of date: January 9, 1953, as a final judgment denying the relief prayed for and remanding relator to the custody of the arresting officer, we find no notice of appeal therefrom to this court, as required by law.

The appeal is therefore dismissed because of the absence of notice of appeal.

Opinion approved by the court.

ON MOTION TO REINSTATE APPEAL.

BELCHER, Judge.

The record having been perfected so as to show that notice of appeal was given in the trial court at the required time, appellant's motion to reinstate his appeal is granted, and the appeal is reinstated.

This is an extradition case. The Governor of this state issued his executive warrant based upon the requisition and supporting

papers of the Governor of the State of Virginia, authorizing the arrest, delivery, and return of appellant to the State of Virginia, to answer a charge of murder.

By writ of habeas corpus filed in the criminal district court of Bexar County, Texas, the appellant sought his discharge. After a hearing, appellant was remanded to the custody of the sheriff of Bexar County, Texas, to be returned to the State of Virginia, and from said order gave notice of appeal.

The requisition and all accompanying papers were introduced in evidence upon the hearing.

The executive warrant of the Governor of this state and the requisition and accompanying papers made out a prima facie case that the accused is a fugitive from justice and is subject to extradition.

Appellant and his witnesses testified that he was in the State of Texas at the time the offense was alleged to have been committed and, therefore, could not have been in the State of Virginia on said date.

Among the papers accompanying the requisition of the Governor of the State of Virginia is an affidavit stating that appellant was in said state at the time the offense was committed and that he committed the offense.

The trial court, in remanding appellant for extradition, resolved the issue of his presence in the demanding state at the time of the alleged commission of the offense against him.

Under the executive warrant of the Governor of this state, the requisition and accompanying papers, and the evidence, the trial court was authorized to conclude as he did, and remand the appellant for extradition. Delgado v. State, (Page 52, this volume), 252 S.W. 2d 935.

The judgment of the trial court is affirmed.

Opinion approved by the Court.