Ex Parte Hal E. Strongson

No. 27,018.   June 16, 1954
Rehearing Denied October 20, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) November 3, 1954

*Peter S. Navarro, Jr.,* and *Walter Conway,* by *Peter S. Navarro, Jr.,* Houston, and *Cofer & Cofer,* by *John D. Cofer,* Austin, for appellant.

*Ewing Werlein,* District Attorney, *King C. Haynie,* Assistant District Attorney, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Relator sued out a writ of habeas corpus before District Judge A. C. Winborn, alleging therein that he was illegally confined and deprived of his liberty by the sheriff of Harris County, Texas. On the hearing thereof, it was shown that the Governor of the state of New York had issued his request to the Governor of the state of Texas, stating therein that the relator had fled from the state of New York where he was charged with the crimes of grand larceny, etc., and was present in the state of Texas at such time, and requesting his apprehension.

In answer to such request, the Governor of the state of Texas issued his warrant of arrest for the relator, and he was found to be in the custody of the sheriff of Harris County thereunder at the time of this hearing.

There is no brief filed herein by the relator, but the state contends that the affidavit accompanying the request for the extradition of the relator shows that a violation of the law had occurred in the state of New York and that the relator was the person who had committed such violation. The warrant of the Governor of the State of Texas recites therein that the relator "stands charged by INDICTMENT before the proper authorities." Again, in the same paragraph of such warrant it is stated that "said demand is accompanied by copy of said AFFIDAVIT duly certified as authentic by the Governor of said state." We think that the words "indictment" and "affidavit" are used in the same sense herein. The request for the extradition signed by the Governor of the State of New York states that the relator stands charged in that state for the crimes of grand larceny in the first degree, forgery in the second degree, and uttering a forged instrument, which are certified to be crimes under the laws of that state.

We see no reason why the relator should not be held to answer the charges in said state. Therefore, his request for discharge hereunder is denied, and the judgment will be affirmed.

ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant now contends that no valid demand was made for his extradition in that the documents required by Art. 1008a, Vernon's Ann. C.C.P., for the issuance of the executive warrant, were not presented to or considered by the executive authority as a basis for its issuance, but that the documents complying with said requirements were offered in evidence on the habeas corpus hearing, therefore, he should have been discharged.

The Governor's warrant was introduced in evidence on the hearing and it substantially recites the facts necessary to the validity of its issuance as is shown in our original opinion, and such warrant when introduced in evidence becomes and is prima facie evidence that the accused is a fugitive from justice and subject to be extradited. Art. 1008a, Secs. 3-7, Vernon's Ann. C.C.P.; Delgado v. State, 158 Texas Cr. Rep. 52, 252 S.W. 2d 935.

The state introduced in evidence an affidavit made by one of the complaining witnesses against appellant wherein he identified an attached photograph as being a picture of Harold Strongson, and to such introduction appellant's attorney stated that he had no objection to its admission.

The instruments to which appellant refers in his written motion for rehearing, as being used by the state on the hearing, were apparently separate copies of instruments pertaining to appellant's extradition.

The motion for rehearing is overruled.

Opinion approved by the court.