EX PARTE RICHARD GUY GORE

No. 27,734. October 19, 1955

*Howze & Howze,* by *Murrary J. Howze,* Monahans, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the district court of Gaines County, refusing to discharge appellant on his application for writ of habeas corpus and remanding him to custody of the sheriff, with instructions to deliver him to the agent of the demanding state.

At the hearing, appellant's identity as being the person wanted in the demanding state was stipulated.

Appellant and his wife testified that he was in and out of the demanding state during the entire month charged in the indictment. He stated that he was first charged with rape, and then the charge was changed to unlawfully detaining a woman against her will with the intent to have carnal knowledge with her and that an indictment was returned against him for such latter offense. On cross-examination, he practically admitted his presence in the demanding state on the day charged in the indictment when he testified as follows:

"I was just going after a pint of whisky and these girls, two girls, they were there and they went with us after the whisky but I didn't touch her, there was people, a bunch of people around where it was all supposed to have happened and they all know she wasn't touched, we were all a little bit tight, but they all know — there was all these people around where it was supposed to have happened."

Appellant questions the sufficiency of the indictment which accompanies the demand.

We find the rule here applicable best stated in 35 C.J.S., Extradition, Section 14, as follows:

"Unless the indictment or affidavit is clearly void, its validity will be left to the courts of the demanding state. The asylum state is not concerned with the sufficiency of the indictment or

affidavit as a criminal pleading; the question of its sufficiency for that purpose will be left to the demanding state."

However, we observe that this court has, in Benson v. State, 128 Texas Cr. Rep. 72, 79 S.W. 2d 122, upheld the validity of an indictment which charged that the offense was committed on the _____ day of January, 1934.

The judgment of the trial court is affirmed.