### Ex parte John GESEK.

### No. 29046.

Court of Criminal Appeals of Texas.

May 22, 1956.

Anderson & Porter, and William R. Anderson, Jr., Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

This is an appeal from an order of the District Court of Nueces County remanding relator to the custody of the sheriff of said county for delivery to an agent for the State of Michigan.

The respondent introduced in evidence the Executive Warrant of the Governor of this State, regular upon its face, authorizing the arrest and return of the appellant to the State of Michigan upon the demand

of the Governor of that State to answer a charge of "issuing check without sufficient funds" pending against him in that State.

■ When this was done, a prima facie case authorizing the remand of the relator to custody for extradition was made out. The sole question for our determination is whether or not by going further and offering other evidence the respondent defeated this prima facie case. Ex parte Hoover, Tex.Cr.App., 298 S.W.2d 579, and cases there cited.

We shall discuss the appellant's contentions in the order advanced in his brief:

1. He asserts that there is a variance between the complaint and the check in that one is signed "Parvin Lassiter," while the other carries the name "P. Lassiter" as payee.

2. That a variance exists between the complaint and the check in that the complaint charged "John H. Gesek," while the check was signed "J. H. Gesek."

3. That a variance exists between the complaint and the check in that the check as copied into the complaint does not show the signature of "J. H. Gesek," while the check which was introduced into evidence does bear such signature.

4. That the application for requisition alleged that the relator "issued" the check in question, while the complaint and the warrant alleged that he did "make, draw, utter and deliver" the same.

5. That the complaint charged the name of the bank on which the check in question was drawn to be "Wayne Oakland Bank, Highland Park, Michigan," while the check which was introduced in evidence shows that it was drawn on the "Wayne Oakland Bank, Royal Oak, Michigan."

■ We shall discuss these questions of variance together. Recently, in Ex parte Gore, Tex.Cr.App., 283 S.W.2d 69, 70, we said:

"Appellant questions the sufficiency of the indictment which accompanies the demand.

"We find the rule here applicable best stated in 35 C.J.S. Extradition § 14, as follows:

" 'Unless the indictment or affidavit is clearly void, its validity will be left to the courts of the demanding state. The asylum state is not concerned with the sufficiency of the indictment or affidavit as a criminal pleading; the question of its sufficiency for that purpose will be left to the demanding state.' "

We hold that the affidavit substantially charges appellant with a felony in the State of Michigan.

■ We further observe that only a complaint and not an indictment was introduced in this case. In the absence of proof to the contrary, we are to assume that the laws in our sister states are the same as our own. Ex parte Gardner, 264 S.W.2d 125. Article 894, V.A.C.C.P., provides in part as follows: "A defendant shall not be discharged by reason of any informality in the complaint * * * ."

The relator further contends in his brief and argument that he was not furnished with the duplicate copies of the accompanying papers as is required by Section 3 of Article 1008a, V.A.C.C.P. The statement of facts before us contains no proof in support of such contention.

■ Relator's contentions that it was incumbent upon the respondent to establish that Philip A. Hart was "Acting Governor" of the State of Michigan on the day when he executed the demand and that Fletcher L. Renton was a magistrate were decided adversely to him in Ex parte Fuqua, Tex. Cr.App., 283 S.W.2d 50.

Finding no reversible error, the judgment of the trial court is affirmed.