EX PARTE OLIVER O'CONNOR

No. 31,860. May 11, 1960
Appellant's Motion for Rehearing Overruled June 15, 1960

DAVIDSON, Judge, dissented.

*C. C. Divine,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Howell E. Stone,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of Criminal District Court No. 4 of Harris County remanding relator to the custody of the sheriff of said county for delivery to an agent for the State of Pennsylvania.

No brief has been filed, and the only question presented by the record is whether or not appellant was in the State of Pennsylvania when the offense was allegedly committed and whether he was the person named in the Pennsylvania indictment and warrant. The state made out a prima facie case by introducing the Executive Warrant and also introduced supporting documents duly authenticated which recited that Oliver O'Connor committed the offense charged in the State of Pennsylvania on the day alleged. The indictment from Pennsylvania which was introduced in evidence alleged that Oliver O'Connor had represented himself to be a person variously named Harris, Fisher, Rodgers, S. Keller, T. Bly, B. Criner, Lawson, J. Smithers and T. Bradshaw, and by means of such false representation had acquired certain property from Lit Brothers, the injured party.

Appellant introduced his application for writ of habeas corpus which contained the following allegation: " * * * I would show, your honor, that I am not the Oliver O'Connor so named and I am not the person intended * * * ." While testifying in his own behalf, he was asked, and answered in the negative, the following question:

"There's an indictment here alleging that sometime on or about the 12th day of August, 1955, you did by the use of the name alias Harris or Fisher or Rodgers or S. Keller or T. Bly or B. Criner or Lawson or J. Smithers or T. Bradshaw, that you did by use of those names or sundry of them commit theft by false pretense. Are you that Oliver O'Connor?"

In addition to the documents heretofore enumerated, the state offered in evidence as its Exhibit No. 6 police photographs taken of appellant at the time he filed his application for habeas corpus with the identifying number 27167. Appellant as well

as Assistant District Attorney Howell Stone, at whose instance the pictures were taken, identified State's Exhibit No. 6 as photographs taken of appellant at such time.

State's Exhibit No. 9 is the sworn statement of Frank W. Rambo, detective at the Lit Brothers Store, to the effect that he arrested one Oliver O'Connor on August 12, 1955, and that the police photograph from Houston, Harris County, numbered 27167, "was a picture of Oliver O'Connor who was arrested by me in August of 1955."

Mr. Stone testified that he mailed Exhibit No. 6 to the district attorney of the County of Philadelphia, Pennsylvania, and received a reply to which was attached Exhibit No. 6, and the attached affidavit offered in evidence as State's Exhibit No. 9.

These exhibits and the testimony relating thereto were admitted only for identification purposes.

We have concluded that the authenticated documents, together with the affidavit last mentioned, were sufficient to authorize the trial judge to reject the affidavit and testimony of appellant under the holdings of this court in Ex parte Eremo, 158 Tex. Cr. Rep. 532, 257 S.W. 2d 712; Ex parte Johnson, 158 Tex. Cr. Rep. 457, 256 S.W. 2d 570; Delgado v. State, 158 Tex. Cr. Rep. 52, 252 S.W. 2d 935; Ex parte Gibson, 149 Tex. Cr. Rep. 543, 197 S.W. 2d 109, and cases there cited.

The judgment of the trial court is affirmed.

DAVIDSON, Judge (dissenting).

Both by pleading and by proof, relator denied that he was the person named in the executive warrant and that he was a fugitive from the demanding state.

The burden was upon the respondent to overcome, by proof, the issue thus presented. The executive warrant, alone, is not sufficient to do so. Ex parte Kaufman, 168 Tex. Cr. Rep. 55, 323 S.W. 2d 48; Ex parte Ryan, 168 Tex. Cr. Rep. 351, 327 S.W. 2d 596.

Here is how the state-respondent attempted to discharge that burden:

An assistant district attorney took a picture of relator (appellant, here) on the day of his arrest. This picture he sent to "the authori ties" in the demanding state and they returned it to the assistant district attorney with an affidavit of a detective who said in that affidavit that the picture was that of the "Oliver O'Connor" whom he arrested in August, 1955.

This hearsay testimony is held by this court to be admissible and sufficient in law to overcome the positive sworn testimony to the contrary and as evidence sufficient to establish not only that this relator was the same person named in the executive warrant but also that he was the person charged with a crime in the demanding state, from which he had fled.

It is my opinion that such is not the law. It is the constitutional right, both state and federal, of an accused to be confronted by the witnesses against him.

Hearsay evidence establishes no fact, nor can the person testifying thereto commit perjury by such testimony.

I dissent.