EX PARTE MARCILINO N. BRITO

No. 34,655. May 30, 1962

410

*Leonard Howell,* Midland, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an appeal from an order entered in a habeas corpus proceeding by the Judge of the 142nd Judicial District Court of Midland County, remanding appellant to custody for extradition to the State of Nebraska.

The executive warrant issued by the Governor of Texas, directing the arrest of Marcilino N. Brito and his delivery to the agent of the State of Nebraska for return to that state, was introduced in evidence.

Being regular on its face, the warrant made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex Parte Green, 340 S.W. 2d 821, and Ex Parte Thompson, 351 S.W. 2d 890.

The executive warrant and other papers introduced in evidence show that appellant stands charged in the State of Nebraska with the crime of failure to support minor children.

Appellant insists that he should not be extradited, because the 142nd District Court of Midland County had, at the instigation of the State of Nebraska, exercised jurisdiction over him under the Uniform Reciprocal Enforcement of Support Act, Art. 2328b, V.R.C.S., prior to institution of the extradition proceedings.

In support of his contention, appellant relies upon the provisions of Sec. 6 of the act, which has been adopted in both this state and in the State of Nebraska. The section reads:

"Any obligor contemplated by Section 5, who submits to the jurisdiction of the court of such other state and complies with the court's order of support, shall be relieved of extradition for desertion or non-support entered in the courts of this State during the period of such compliance."

While the record reflects that prior to the extradition proceedings a petition had been filed in the 142nd District Court of Midland County against appellant under the Uniform Support Act, there is no showing that appellant had submitted to the jurisdiction of the court and complied with any order of support. On the contrary, the record shows that appellant, although duly served with citation, had filed no answer in the cause and no order for support had been entered by the court. Under such record, the provisions of Sec. 6 were not applicable.

Appellant further urges a fatal variance in the allegations of the requisition papers because the complaints annexed to the application for requisition alleged that he was in the State of Nebraska when the offense was committed and the application alleged that he committed the offense in Texas, resulting in a crime in the State of Nebraska.

Section 5 of the Uniform Reciprocal Enforcement of Support Act, Art. 2328b, supra, provides in part as follows:

"The Governor of this State * * * (2) may surrender on demand by the Governor of any other state any person found in this State who is charged in such other state with the crime of failing to provide for the support of a person in such other state. *The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom.* Neither the demand, the oath nor any proceedings for extradition pursuant to this Section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or the other state." (Emphasis supplied.)

In Ex Parte Coleman, 245 S.W. 2d 712, it was held that under

such provision of the Support Act the Governor of this state may surrender a person charged in the demanding state with the crime of failing to provide for support, although the accused was not in the demanding state at the time of commission of the crime.

Appellant's contention that the variance is fatal to his extradition to the State of Nebraska is overruled.

The judgment is affirmed.

Opinion approved by the Court.