**Ex parte James S. BROWDER.**

No. 36126.

Court of Criminal Appeals of Texas.

Dec. 4, 1963.

Rehearing Denied Jan. 22, 1964.

No attorney on appeal for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Joe C. Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Alaska to answer a charge of grand larceny.

At the hearing, the state introduced in evidence the executive warrant issued by the governor of this state directing the arrest of appellant and his delivery to the agent of the State of Alaska for return to

that state. The sheriff's return on the writ of habeas corpus, showing that appellant was being held under the governor's warrant, was also introduced in evidence by the state.

■ The executive warrant, being regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Emmons, 167 Tex.Cr.R. 544, 322 S.W.2d 534; Ex parte Brito, 172 Tex.Cr.R. 409, 358 S.W.2d 122.

Appellant introduced into evidence the requisition of the Governor of the State of Alaska and the supporting papers attached thereto, which included the applicable statute of the State of Alaska under which appellant was charged, the indictment charging him with the crime, and the warrant for his arrest.

No brief has been filed on behalf of appellant on this appeal.

At the habeas corpus hearing, appellant insisted that he should not be remanded to custody because the indictment upon which the requisition was based was void. It was contended that the indictment against him was void because it was not specific and definite enough for him to prepare his case for trial and that he would not be in a position to plead the indictment as a bar to further prosecution.

Art. 1008a, Sec. 3, Vernon's Ann.C.C.P., provides that the indictment, information, or affidavit accompanying a demand for extradition must "substantially charge the person demanded with having committed a crime under the law of that state."

In construing this provision of the statute, it has been the holding of this court that unless the indictment, information, or affidavit is void, its validity will be left to the courts of the demanding state; that this state is not concerned with the sufficiency of the indictment or affidavit as a criminal pleading; and the question of its sufficiency for that purpose will be left to the demanding state. Ex parte Gore, 162 Tex.Cr.R. 128, 283 S.W.2d 69; Ex parte Gesek, 302 S.W.2d 417; and Ex parte Strom, 168 Tex. Cr.R. 130, 324 S.W.2d 224.

The indictment found in the extradition papers charging appellant with the crime is in two counts. Count 1 charges substantially as follows:

"That on or about the 12th day of May, 1961, at or near Anchorage, Third Judicial District, State of Alaska, James S. Browder did wilfully, unlawfully and feloniously take, steal and carry away with intent to permanently deprive the owner thereof, property of value, to-wit: the sum of Five Hundred Ninety-One and 90/100 Dollars ($591.90), lawful money of the United States of America, being the property of the American Bankers Mortgage and Loan Corporation, through the instrumentality of a check as follows, to-wit:

"'* * * [the check is set out herein haec verba]'"

"All of which is contrary to and in violation of Section 65–5–41 ACLA 1949 Cum.Supp., and against the peace and dignity of the State of Alaska."

The second count of the indictment charges, in substantially the same language, the taking of one thousand five hundred one dollars ($1,501) dollars in money.

■ The indictment, drawn under Sec. 65–5–41 of the Alaskan statute—which we do not deem necessary to set out in this opinion—substantially charged appellant with a crime under the laws of that State and was sufficient upon which to base the demand for extradition.

The judgment is affirmed.

Opinion approved by the court.