Ex parte Billy L. HARRIS.

No. 36596.

Court of Criminal Appeals of Texas.

Feb. 19, 1964.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an appeal from an order of the 34th Judicial District Court of El Paso County remanding relator to the custody of the Sheriff of said County for delivery to an agent of the State of Louisiana. There are no formal bills of exception and no brief has been filed.

At the hearing the respondent offered the executive warrant of the Governor of Texas authorizing the arrest and return of relator to the State of Louisiana, upon demand of the Governor of that State, for violation of his probation. The supporting papers were introduced.

Relator testified that financial difficulties had prevented him from complying with the condition of his probation directing him to make child support payments.

We have concluded that the trial court was authorized to conclude as he did and remand relator for extradition. Ex parte Eremo, 158 Tex.Cr.R. 532, 257 S.W.2d 712.

We find no merit in relator's contention that the warrant issued by the Governor of Texas is vague and indefinite and does not apprise relator of the crime of which he is accused. The warrant stated that the relator "stands charged by affidavit before the proper authorities, with the crime of being a fugitive from justice, having violated his probation" and thereby

sufficiently described the offense with which he was charged.

Relator's contention that the offense with which he is charged is a misdemeanor and therefore not an offense for which he could be extradited is also without merit. In Ex parte Estep, 161 Tex.Cr.R. 247, 276 S.W.2d 284, this Court held that the phrase "or other crime" in Section 2 of Art. 1008a, Vernon's Ann.C.C.P., Uniform Criminal Extradition Act, included misdemeanors.

The judgment of the trial court is affirmed.