**Ex parte H. M. MALONE.**

**No. 36678.**

Court of Criminal Appeals of Texas.

April 1, 1964.

Rehearing Denied May 20, 1964.

Spence, Martin & Richie, by Gene Richie, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Stanley M. Vickers, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Arkansas.

At the hearing, the respondent introduced in evidence the executive warrant of the governor of this state authorizing the arrest and return of appellant to the State of Arkansas to answer a charge of "Violating the Arkansas Hot Check Law (Act 241 of 1959)."

█ The introduction in evidence of the executive warrant, regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Brito, Tex.Cr.App., 358 S.W.2d 122; Ex parte Browder, Tex. Cr.App., 373 S.W.2d 751.

At the hearing the respondent also introduced in evidence the requisition of the governor of Arkansas and supporting papers, including the indictment returned against appellant.

Appellant insists that the court erred in refusing to discharge him from custody because the indictment failed, first, to allege an offense, and, second, it failed to substantially charge him with an offense under the laws of Arkansas.

The indictment returned into the Circuit Court of Polk County, Arkansas, charging appellant with violation of the Arkansas Hot Check Law, omitting the formal parts, alleged:

"The said *H. M. Malone* in the County and State aforesaid, on the *23rd* day of *September*, A.D. 1959, did unlawfully, wilfully and feloniously, make, draw and deliver to Lane Poultry Farms of Grannis, Arkansas, acting through an agent of the said H. M. Malone, the name of such agent being Fred Dickerson, one certain check dated September 23, 1959, in the amount of $2555.52, for the payment of money on the Parker Square State Bank of Wichita Falls, Texas, in payment for dressed poultry, knowing at the time of such makin*d* and deliver-

**332**

ing that he, the said H. M. Malone, did not have sufficient funds on deposit with said bank for the payment in full of said check, together with all other checks then outstanding and with no good reason to believe the check would be paid upon presentation to said bank."

Appellant insists that the indictment which charged that he committed the offense *by an agent* did not under the law of this state charge an offense because a person is not criminally responsible for the acts of his agent and that, in the absence of a showing to the contrary, it is presumed that the law of Arkansas is the same as in this state.

While under the law of this state a principal is not ordinarily criminally responsible for the acts of his agent, if it be shown that he procured or authorized the agent to do the thing constituting the crime he is criminally liable. Gaiocchio v. State, 9 Tex.Cr.App. 387; Houston v. State, 13 Tex.Cr.App. 595. In 16 Tex.Jur. 2d under the title "Criminal Law." Sec. 50, pages 158–159, it is stated:

"A person who commits an offense through an innocent agent is deemed to have committed the act himself, and even a person who commits an offense through a guilty agent is a principal."

The Arkansas statute, Act 241 of 1959, under which the indictment was drawn, provides in Section 2 as follows:

"It shall be unlawful for any person to procure any article or thing of value, or to secure possession of any personal property to which a lien has attached, or to make payment of any pre-existing debt or other obligation of whatsoever form or nature, or for any other purpose to make or draw or utter or deliver, with intent to defraud, any check, draft or order, for the payment of money, upon any bank, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivering, that the maker, or drawer, has not sufficient funds in, or on deposit with, such bank, person, firm or corporation, for the payment of such check, draft or order, in full, and all other checks, drafts or orders upon such funds then outstanding."

The indictment, above set out, did substantially charge appellant with a crime under this statute and was sufficient upon which to base appellant's extradition.

The affidavits of the prosecuting attorney and the prosecuting witness show that although appellant's acts were committed in this state, they intentionally resulted in a crime in Arkansas, which, under Sec. 6 of Art. 1008a, Vernon's Ann.C.C.P., authorized appellant's surrender on demand of the governor of Arkansas, even though he was not in that state at the time of the commission of the crime and had not fled therefrom.

The judgment remanding appellant to custody for extradition is affirmed.

Opinion approved by the court.