Ex parte Richard E. SMITH.

No. 38064.

Court of Criminal Appeals of Texas.

April 14, 1965.

Rehearing Denied May 26, 1965.

Second Motion for Rehearing Denied June 23, 1965.

Albert Armendariz, El Paso, for appellant.

Leon B. Douglas, State's Atty., Austin; Edwin F. Berliner, Dist. Atty., Jack N. Ferguson, Asst. Dist. Atty., El Paso (On Rehearing), for the State.

McDONALD, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of California to there stand trial for the offense of "omitting to provide for a minor child."

■ The hearing was held before the Honorable William E. Ward, Judge of the 34th District Court of El Paso County, Texas. The introduction in evidence of the executive warrant, regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Mackerman, Tex.Cr.App., 376 S.W.2d 350; Ex parte Seffens, Tex. Cr.App., 376 S.W.2d 348; Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579.

■ Appellant attempted to submit himself to the jurisdiction of the El Paso District Court and to comply with any order of support entered by said Court in order to be relieved of extradition in the manner provided for in the Texas Uniform Reciprocal Enforcement of Support Act, Vernon's Ann.Civ.St. Art. 2328b–2, Sec. 6. We agree with the action of the trial judge in holding that the Uniform Reciprocal Enforcement of Support Act of the State of California, West's Ann.Code Civ.Proc. § 1650 et seq., which was introduced and was before the Court, has no provision for the appellant to submit to the jurisdiction of a Court in an asylum state as a bar to his extradition, as is provided for by the above Texas statute.

■ The evidence adduced at the hearing was either by stipulation or without objection.

The judgment remanding appellant to custody for extradition is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

■ Appellant introduced in evidence a judgment of the 120th District Court of El Paso dated November 4, 1960, which ordered him to pay the sum of $15.00 a week into the registry of the Court for transmittal to the probation officer in San Francisco, California. He testified at a hearing held November 4, 1964, that he complied with the order for fifteen weeks, but had paid nothing since. He further testified that he paid an income tax for the year 1963 on a reported income of $5,000. Appellant is in no position to rely on the provisions of Section 6 of Article 2328b–2, V.A.C.S. because he demonstrated by his testimony that he had not brought himself within the terms of such section, which in effect grants him asylum only so long as he complies with the terms of the Court's order.

Clearly he was extraditable under the holdings of this Court in Ex parte Coleman, 157 Tex.Cr.R. 37, 245 S.W.2d 712 and Ex parte Brito, 172 Tex.Cr.R. 409, 358 S.W.2d 122. In Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755, we held that a State might constitutionally pass a law which would facilitate extradition.

Appellant's motion for rehearing is overruled.