**Ex parte Melvin Lane POWERS.**

**No. 37776.**

Court of Criminal Appeals of Texas.

April 28, 1965.

Rehearing Denied June 23, 1965.

See also Tex.Cr.App., 391 S.W.2d 414.

Percy Foreman, Houston, for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., Asst. Dist. Atty., Houston,

and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding by Honorable Wendell A. Odom, Judge of Criminal District Court No. 2 of Harris County, remanding appellant to custody for extradition to the State of Florida.

At the hearing, the respondent introduced in evidence the executive warrant issued by Governor John Connally, of this state, which authorized the arrest of appellant and his delivery to the agents of the State of Florida for return to that state. The warrant recites that it has been made known to Governor Connally that appellant stands charged by affidavit and warrant before the proper authorities in the State of Florida with the crime of murder in the first degree; that he has taken refuge in this state; and that demand has been made for his arrest and delivery to the agents of the State of Florida for return to that state.

Being regular on its face, the executive warrant made out a prima facie case for extradition. Ex parte Hoover, 298 S.W.2d 579.

The affidavit and warrant upon which appellant stands charged with the crime in Justice of Peace Court for the Third District of Dade County, Florida, were introduced in evidence by appellant. The affidavit, signed by Detective George M. Balogh, omitting the formal parts, states:

"that on the 29th day of June, A.D. 1964, in the County and District aforesaid one Melvin Lane Powers DID THEN AND THERE: in and upon one JACQUES MOSSLER, in the peace of God, then and there being feloniously, wilfully and of his malice aforethought did make an assault, in that the said Melvin Lane Powers, with a certain deadly weapon, to wit:

a knife and other object, which he, the said defendant then and there had and held in and upon the said Jacques Mossler, a mortal wound did inflict, of which mortal wound the said Jacques Mossler died, and that the said Melvin Lane Powers then and there did kill and murder, contrary to the statute in such cases made and provided and against the peace and dignity of the State of Florida."

Appellant's sole contention is that the affidavit does not legally charge him with the crime in the State of Florida and for such reason he cannot be extradited to that state.

It is appellant's contention that the affidavit does not state sufficient facts upon which to base a finding of probable cause for the issuance of any warrant, as required by the Supreme Court of the United States in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

It should be noted that these decisions by the Supreme Court involved the sufficiency of affidavits for the issuance of a warrant of arrest (Giordenello) and a search warrant by a magistrate (Aguilar), and not the issuance of executive warrants, in extradition.

The question is whether appellant is substantially charged with the crime as provided in Sec. 3 of Art. 1008a, V.A.C.C.P.

In extradition cases it is held that, unless clearly void, the validity of an affidavit or indictment upon which demand for extradition is based and its sufficiency as a criminal pleading will be left to the courts of the demanding state and not of this state. Ex parte Strom, 168 Tex.Cr.R. 130, 324 S.W.2d 224; Ex parte Gesek, 164 Tex. Cr.R. 652, 302 S.W.2d 417.

The affidavit in the instant case is not void, and we hold the same sufficient to substantially charge appellant with the crime and to support his extradition to the State of Florida.

The judgment remanding appellant to custody is affirmed.

Opinion approved by the court.