**Ex parte James Ervin CORLEY.**

**No. 41946.**

Court of Criminal Appeals of Texas.

March 12, 1969.

Rehearing Denied May 7, 1969.

Charles E. Huebner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an extradition proceeding in which appellant was remanded to custody for extradition to the State of Louisiana.

At the habeas corpus hearing, the respondent introduced into evidence the executive warrant which recites that appellant stands charged by affidavit and warrant with the crime of concealing stolen goods valued in excess of $100.00.

The warrant is regular on its face and makes a prima facie case for extradition. Ex parte Short, Tex.Cr.App., 423 S.W.2d 328; Ex parte Powers, ·Tex.Cr.App., 391 S.W.2d 413.

The affidavit, made before a magistrate, charges in substance that appellant did intentionally conceal one 1967 Ford Wrecker valued in excess of $100.00 which had been stolen under the circumstances that appellant knew or had good reason to believe that it was the subject of a theft.

It is contended that the affidavit does not show probable cause under Barnes v. Texas, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Probable cause required in Aguilar and Barnes applies to search and arrest warrants and is not required in a pleading. Ex parte Powers, supra; Cisco v. State, Tex.Cr.App., 411 S.W.2d 547; Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113.

The complaint is attacked, because it does not show on its face that a crime is charged in the state of Louisiana.

The question is whether appellant is substantially charged with the crime as provided for in Art. 51.13, Sec. 3, Vernon's Ann.C.C.P. An affidavit or indictment upon which a demand for extradition is based and its sufficiency as a criminal pleading, unless clearly void, will be left to the courts of the demanding state and not of this state. Ex parte Powers, supra; Ex parte Gesek, 164 Tex.Cr.R. 652, 302 S.W.2d 417. Appellant was substantially charged with the crime in the state of Louisiana.

The judgment remanding appellant to custody is affirmed.